IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN D. O'NEIL, | Civ. No. 07-742-HO |
| Plaintiff, | ORDER |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed this action for review of the decision of the Commissioner denying his application for disability insurance benefits. For the reasons explained below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

## Discussion

The administrative law judge (ALJ) improperly rejected the opinion of treating physician Dr. Richard Hsu in favor of the opinions of state agency medical consultants, which she found to be "consistent with the record as a whole." (Tr. 32). The ALJ found Dr. Hsu's assessment of plaintiff's limitations to be "not

supported by the medical evidence[.]"  (Tr. 32).  Based on Dr. Hsu's notations that plaintiff appeared healthy and in no acute distress, the ALJ further found that Dr. Hsu relied on plaintiff's subjective complaints.  Id.  Extensive records from Dr. Hsu evince numerous physical examinations conducted over the approximately four-year treating relationship.  As noted by plaintiff and the ALJ, medical records evince imaging of plaintiff's lower back and full work-up, including surgical procedures, for diagnosis and treatment of irritable bowel syndrome (IBS).  To the extent Dr. Hsu's opinion of specific limitations "is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case[,]" the opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527[.]"  Social Security Ruling (SSR) 96-2p.  The decision does not discuss the factors that must be considered in determining the weight to give a treating source opinion that is not entitled to controlling weight.  Id., citing to 20 C.F.R. § 404.1527(d)(2).  The decision must include good reasons for the weight given the opinion.  Id.

The opinions of the state agency medical consultants are not substantial evidence because they are not based on independent findings and are inconsistent with Dr. Hsu's opinions and the physical capacity evaluation (PCE).  Orn v. Astrue, 495 F.3d 625,

2 - ORDER

632 (9th Cir. 2007). Thus, the consultants' opinions are not consistent with the record as a whole.

The ALJ inferred that treating physician Michael Phillips opined that plaintiff is not disabled. (Tr. 32). This is speculation, however. The form signed by Dr. Phillips provides no way to determine whether Dr. Phillips agreed or disagreed with statements that plaintiff should not return to past work and that plaintiff could perform light or sedentary work in an appropriate work setting. (Tr. 528).

Plaintiff correctly argues that the occupational therapist is an acceptable source of evidence of the severity of his impairments. However, the ALJ may accord little weight to the PCE completed by this source. The document states that reliability tests indicate the evaluation is of mixed validity and constitutes a conservative estimate of plaintiff's capabilities. (Tr. 31, 502).

Several of the reasons cited by the ALJ for only partially crediting plaintiff's allegations of limitations are supported by substantial evidence and some are not. Citations do not support the finding that plaintiff made inconsistent statements regarding his marijuana usage. (Tr. 31, 298, 300). Not all activities identified by the ALJ are inconsistent with plaintiff's claims. A concert in Eugene took place several months prior to the alleged onset date. (Tr. 31, 306). Plaintiff mowed the lawn for

3 - ORDER

fifteen minutes weekly in 2002 and only once in the year preceding the hearing. (Tr. 31, 106-07, 109, 595-96). Plaintiff tends his indoor garden in a seated position for no more than fifteen minutes per day. Id. Other cited reasons are supported by substantial evidence, however. Several medical sources questioned plaintiff's motivation to return to work or noted the possibility of secondary gain. (Tr. 30, 160, 311, 473, 475). Plaintiff made inconsistent statements regarding sleep during a treatment encounter with a nurse practitioner. (Tr. 31, 298). Plaintiff testified to driving activities that exceed his alleged sitting ability. (Tr. 31, 596). These reasons are sufficient support for the ALJ's credibility determination under the clear and convincing standard.[1]

Remand for further proceedings and a new decision is appropriate in this case. A second attempt should be made to obtain an opinion from Dr. Phillips's regarding plaintiff's limitations. As a treating physician, Dr. Phillips may have special insights. The first attempt to secure Dr. Phillips's opinion suggests the possibility that his opinion may differ from that of Dr. Hsu. The ALJ should reconsider the weight to accord

---

[1] According to recent authority, errors in the credibility determination are not material if the ALJ's underlying credibility determination remains supported, and reviewing courts are not to determine whether the ALJ would necessarily reach the same result on remand. Carmickle v. Commissioner, No. 05-36128, slip. op. 9139, 9154 (9th Cir. July 24, 2008).

4 - ORDER

Dr. Hsu's opinion, and that of Dr. Phillips, if it can be obtained. SSR 96-2p; 20 C.F.R. § 404.1527(d)(2). Nothing herein limits the ability of the ALJ to reconsider any other issue, including plaintiff's credibility, or to further develop the record, which may be appropriate in this case. See SSR 96-2p (discussing when ALJ may need to consult medical expert to evaluate medical opinions).

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Appeals Council for remand to the ALJ for further proceedings and a new decision.

IT IS SO ORDERED.

DATED this   5th   day of August, 2008.


                                           s/ Michael R. Hogan
                                     United States District Judge